```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION
```

MARTY YOUNG                                              Plaintiff

v.                           5:05CV00091 WRW/JFF

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                 Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Mary Young, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on problems with his back,

neck, knee and shoulder.  (Tr. 61)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through October 15, 2004, the date of his decision.  (Tr. 14)  On March 17, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 3-5)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 44 years old at the time of the hearing.  (Tr. 106)  He completed the ninth grade in school.  (Tr. 67, 106)  He has past relevant work as a laborer, convenience store clerk and disc jockey.  (Tr. 10, 62)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in

---

[1]The Hon. Robert L. Neighbors.

substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i) (2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 404.1520(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., § 404.1520(a)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 404.1520(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 404.1520(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial

gainful activity since his alleged onset date. (Tr. 13) He found that Plaintiff had a "severe" impairment, but that he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 11) He judged that Plaintiff's subjective allegations were not fully credible. (Tr. 13)

The ALJ determined that Plaintiff retained the residual functional capacity for light work. Id. He found that Plaintiff retained the residual functional capacity to perform his past relevant work as a disc jockey. Id. Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the findings of examining consultative orthopaedist, William F. Blankenship, M.D., should have been given little weight because he has a reputation for writing conservative reports. (Br. 7) Plaintiff, who was representing himself at the time, did object to the report by Dr. Blankenship. (Tr. 72) His bases for objecting were: (1) he did not think it was Dr. Blankenship who actually examined him; (2) the doctor who examined him did not examine his hernia and (3) his hand was to have been x-rayed, but was not.[2] Id.    It is important to note that Dr. Blankenship's report was consistent with the report of Peter L. Go, M.D., who conducted a consultative physical examination in March of 2002. (Tr. 77-84) The ALJ relied on both of these reports. (Tr. 11) There is no credible

---

[2]It is significant that Plaintiff alleged disability based on problems with his back, neck, knee and shoulder, not on a hernia or hand problem. (Tr. 61, 95)

5

evidence in the record which contradicts Dr. Blankenship's report. Nevertheless, the ALJ found that Plaintiff retained the residual functional capacity for only light work. (Tr. 13) Dr. Blankenship's opinion was that he could perform medium work. (Tr. 99) Plaintiff testified to the contrary; but what evidence to believe and what weight to give it is the prerogative of the fact-finder, within broad limits. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff's first argument lacks merit.

Plaintiff also contends that the ALJ never advised Plaintiff to the extent that he should have regarding his right to retain counsel. (Br. 8) Plaintiff appeared at the hearing without counsel. He was accompanied by his mother and long-time live-in girlfriend. (Tr. 102)  The following exchange took place at the beginning of the hearing:

> ALJ:  . . .  Mr. Young, the first thing you and I need to discuss today is the matter of representation. You should have received at least one letter from my office telling you that you do have the right to be represented at this hearing if you want to be. On the other hand, it's not required. Our hearing system is designed so that people can come in and effectively present their own claims without a lawyer, if that's what they want to do. But you do have that right. If you -- before we go any further today, I need for you to tell me what you want to do. You have two choices. First, if you want me to I will reschedule the hearing for a later date for the purpose of giving you additional time to find someone to represent you. Your other choice is we can go ahead and have the hearing now. So which do you prefer?
>
> CLMT: Well let's just go ahead and do it, I guess, because I don't know anybody.
>
> ALJ: Well it's your choice, I'm not trying to influence you in any[ ]way. I'm just trying to make sure

>    that you know what your rights are, and what your choices are.
>
>    CLMT:  Um-hum.
>
>    ALJ:  If you want to get a lawyer, I'll reschedule the hearing for you to give you time to look for one.  But if you want to have the hearing now without a lawyer, we can do that.
>
>    CLMT:  Well just go ahead and have the hearing, I guess.
>
>    ALJ:  Is that what you want to do?
>
>    CLMT:  Yes, sir.

(Tr. 102-03)

In addition, the Request for Hearing by Administrative Law Judge clearly states: "You have a right to be represented at the hearing. If you are not represented but would like to be, your Social Security Office will give you a list of legal referral and service organizations."  (Tr. 24)

The Notice of Disapproved Claims states:

**If You Want Help With Your Appeal**

> You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free services if you qualify.  There are also lawyers who do not charge unless you win your appeal.  Your local Social Security office has a list of groups that can help you with your appeal.

(Tr. 31)

Plaintiff was twice clearly advised in writing of his right to be represented and again advised orally at the beginning of the hearing.  That is enough.  See, e.g., Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990)(notice clearly explained right to counsel);

7

<u>Padavich v. Mathews</u>, 561 F.2d 142, 147 (8th Cir. 1977)(written and oral notice of right to attorney sufficient).  Absent a clear showing of prejudice or unfairness which can be attributed to claimant's lack of counsel, a remand is unwarranted.  <u>Padavich v. Mathews</u>, 561 F.2d at 147.  Plaintiff was sufficiently advised of his right to representation.

Next, Plaintiff contends that the ALJ's credibility determination was insufficient.  (Br. 8-9)  The ALJ evaluated Plaintiff's subjective complaints in light of <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).  (Tr. 11-13)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>     1.  the claimant's daily activities;
>
>     2.  the duration, frequency and intensity of the pain;
>
>     3.  precipitating and aggravating factors;
>
>     4.   dosage, effectiveness and side effects of medication;
>
>     5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Polaski v. Heckler</u>, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the complete lack of treatment for 16 years prior to the hearing,[3] Plaintiff's daily activities, his functional capabilities and the lack of restriction placed on Plaintiff by any physician, the ALJ could rightly discount Plaintiff's subjective complaints.  See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff testified that he stayed at home and lay around on the couch or the bed.  (Tr. 120)  In a Disability Supplemental Interview Outline dated January, 2002 (Tr. 59), Plaintiff indicated that he could sit for ten minutes without pain, but could not stand or walk

---

[3] Plaintiff told Dr. Blankenship that it had been 10-15 years since his last medical treatment for his complaints. (Tr. 95)  The last indication in the record of treatment was from Syed A. A. Shah, M.D., in 1987.  (Tr. 73)

9

without immediate pain. (Tr. 57) However, he also indicated that he groomed without assistance; he changed sheets; he shopped for groceries and clothes and completed postal and banking errands (Tr. 55); he prepared meals for about 45 minutes, including sandwiches, frozen dinners, meats and vegetables; paid bills, used a checkbook and counted change; drove, including unfamiliar routes; attended church, watched television, listened to the radio, played video games, read, visited friends and relatives and drew; he just could not do heavy lifting (Tr. 56).

Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); Haley v. Massanari, 258 F.3d 742, 48 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched

television, went out for dinner, occasionally drove and occasionally visited with friends); Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

   The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006); Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004). The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Finally, Plaintiff suggests that the presence of carpal tunnel syndrome might prevent his returning to his past relevant work as a disc jockey. (Br. 9)  The only suggestion in the medical evidence of the presence of carpal tunnel syndrome was Dr. Shah's impression in 1987 interpreting liquid crystal thermography results suggesting probable carpal tunnel syndrome on the right.  (Tr. 76)  He gave Plaintiff a right wrist brace.  (Tr. 74)  Plaintiff told Dr. Blankenship that he had worn the brace of two years.  (Tr. 95)  The record reflects no later treatment for carpal tunnel syndrome.  Plaintiff worked as a disc jockey until 1995, suggesting that any carpal tunnel syndrome from the past had not been a problem in the performance of that job.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the

Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

    DATED this 2nd day of June, 2006.

                                               /s/ John F. Forster, Jr.
                                               UNITED STATES MAGISTRATE JUDGE